UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHNATHAN BYARS | No. 20 CR 50020-1<br>20 CR 50021-1<br><br>Magistrate Judge Lisa A. Jensen |

**AMENDED PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in these cases (collectively, "the materials") are subject to this Amended Protective Order and may be used by defendant and defendant's counsel (defined as counsel of record in these cases) solely in connection with the defense of these cases, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with these cases by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of the Amended Protective Order. Defense counsel need not provide authorized persons who previously received a copy of the initial Protective Order a copy of this Amended Protective Order unless the person receives materials specifically addressed in paragraph 8 of this Amended Protective Order.

6. Upon conclusion of all stages of these cases, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Amended Protective

Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

8. The following additional provisions also shall apply to the thumb drive, Bates numbered 59219-002943 (the "Attorneys' Eyes Only Materials"), which contains the contents of a cell phone searched pursuant to a warrant and includes certain sensitive personal identifying information of third parties:

    a. The Attorneys' Eyes Only Materials shall be plainly marked by the government prior to the disclosure with the label "**ATTORNEYS' EYES ONLY**."

    b. Neither the Attorneys' Eyes Only Materials nor the information contained therein may be disclosed to any persons other than defendant's counsel or investigators employed by defendant's counsel to assist the defense in these cases, without prior notice to the government and authorization from the Court, with the following exceptions:

          i.      Defendant's counsel or investigators employed by defendant's counsel to assist the defense in these cases may discuss the information contained in the Attorneys' Eyes Only Materials with defendant as part of the defense's preparation in these cases, including any sentencing, appellate, or post-conviction proceedings raising issues stemming from these cases.

          ii.      Defendant's counsel or investigators employed by defendant's counsel to assist the defense in these cases may show or provide certain items contained in the Attorneys' Eyes Only Materials to the defendant as long as (a) the items are relevant to the defense's preparation in these cases, including any sentencing, appellate, or post-conviction proceedings raising issues stemming from these cases, and (b) any personal identifying information of third parties is redacted or otherwise removed from the items disclosed or shown to the defendant.

          c.      The thumb drive containing the Attorneys' Eyes Only Materials shall not be provided to the defendant in full.

          d.      Before providing the Attorneys' Eyes Only Materials to the defendant or any other person to whom such disclosure is authorized by this Amended Protective Order, defense counsel must provide the person with a copy of this Amended Protective Order and require the authorized person to sign a statement acknowledging that the person has received a copy of and reviewed this Amended Protective Order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Amended Protective Order. Defense

4

counsel shall maintain a copy of the signed statement of each person for a period of 12 months after the conclusion of all stages of these cases and shall provide copies of the signed statement of all persons to the government upon request.

      e.    Absent prior permission from the Court, any Attorneys' Eyes Only Materials containing personal identifying information of third parties shall not be included in any public filing with the Court, and instead shall be submitted under seal, absent prior permission from the Court.

      f.    Any copies or reproductions of Attorneys' Eyes Only Materials containing personal identifying information of third parties shall be treated in the same manner as the original materials. Any notes or records of any kind made in relation to the contents of the Attorneys' Eyes Only Materials containing personal identifying information of third parties shall be treated in the same manner as the original materials.

    9.    The restrictions set forth in this Amended Protective Order, including the restrictions pertaining to Attorneys' Eyes Only Materials, do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Amended Protective Order limit defendant's counsel in the use of discovery materials in judicial proceedings in these cases, except that any document filed by any party which attaches or otherwise discloses Attorneys' Eyes Only Materials containing

5

personal identifying information of third parties shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

10. Nothing contained in this Amended Protective Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

*Lisa A. J.*

LISA A. JENSEN
Magistrate Judge
United States District Court
Northern District of Illinois

Date: 6/11/2021

6